UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Patricia Lee Rohring,

                          Plaintiff,

     v.

Pegasus Support Services, LLC *et al.*,

                          Defendants.

**Decision and Order**

19-CV-905 (JLS)

---

**I.    BACKGROUND AND DISCUSSION**

On July 8, 2019, *pro se* plaintiff Patricia Lee Rohring filed a complaint against Pegasus Support Services, LLC, Richard Tibbets, and Kay Tibbets, accusing them of discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §§ 12112–12117.  (Dkt. No. 1.)  The same day, plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP").  (Dkt. No. 2.)  District Judge Lawrence J. Vilardo granted plaintiff IFP status in a screening order on October 4, 2019.  (Dkt. No. 3.)  In the screening order, Judge Vilardo required plaintiff to file an amended complaint if she wanted to keep the individual defendants in the case.  Judge Vilardo found that the complaint listed the individual defendants but did not otherwise explain their responsibility for her injuries.  Plaintiff filed an amended complaint on December 2, 2019 that contains many of the same defects as the original complaint.  (Dkt. No. 10.)  Plaintiff describes defendants' alleged liability in a single conclusory paragraph, reproduced here in its entirety (spelling errors corrected):

> Upon returning to my job at Pegasus Support Services, LLC on 21 Aug 2017, after being wrongfully terminated in Aug 2016 and filing a previous discrimination complaint—I supplied my employers Richard Tibbetts and Kay Tibbetts with a Request for Accommodations and updated medical documentation in regards to my disability.  We engaged in the Interactive process for some time but my employer continued to refuse any of my requests.

> As we were unable to come to any sort of agreement, I requested EEOC's assistance in the form of Mediation. My employer refused our offer of Mediation.

(*Id.* at 5.) The only other information available from the amended complaint is an exhibit attached to it—a copy of what appears to be the complaint that plaintiff submitted in January 2018 to the Equal Employment Opportunity Commission and to the New York State Division of Human Rights. (*Id.* at 6.) In the administrative complaint, plaintiff stated the following:

> I am a Qualified Individual with a Disability. I am employed by Respondent.
>
> On or about August 21, 2017, I requested that Respondent provide me with a modified schedule as well as to waive its one-hour notice policy for impending lateness or absences in order to accommodate my disability. Additionally, I requested to have breaks from standing or sitting. I substantiated this request with documentation from my physician.
>
> At the end of October 2017, Respondent informed me that they [sic] are denying my request. They did not offer me an effective alternative. Moreover, they failed to show that this accommodation would establish an undue hardship.
>
> I believe that I was denied a reasonable accommodation because of my disability, in willful violation of Title I of the Americans with Disabilities Act of 1990, as amended.

(*Id.*)

On December 6, 2019, defendants filed a motion (Dkt. No. 13) seeking either of two forms of relief: dispositive relief in the form of a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure; or, alternatively, non-dispositive[1] relief through a more definite statement under Rule 12(e). Driving both requests was defendants' concern that "nowhere in Plaintiff's pleadings does she include any facts about what her disability is, how she is limited, or how it affects her or her

---

[1] The only case that the Court could find directly addressing this procedural issue suggests that a motion for a more definite statement under Rule 12(e) is non-dispositive. *See Lynch v. McDonough*, No. 03-CV-556A(F), 2005 WL 1561454, at *1 n.1 (W.D.N.Y. July 1, 2005), *report and recommendation adopted*, No. 03 CV 556A, 2005 WL 1785263 (W.D.N.Y. July 26, 2005). The Court agrees, considering that motions to amend under Rule 15 are non-dispositive and are "fundamentally the same as granting the motion for a more definite statement." *Gentlewolf v. Windham Cty. Humane Soc.*, No. 1:08-CV-261, 2009 WL 4067798, at *5 (D. Vt. Nov. 23, 2009).

ability to perform the essential functions of her job.  In her 2017 Case [WDNY Case No. 17-CV-256, consolidated here], she alleges 'chronic medical issues' and in her 2019 Case she vaguely mentions a 'disability' but provides no further detail as to what the alleged medical issues and disability are, or how her alleged medical issues and disability substantially limit one or more major life activities or impact her ability to perform her job." (Dkt. No. 13-1 at 13–14.)  Defendants assert that, without more information about what allegations they would be admitting or denying, they cannot reasonably prepare a response.

      Plaintiff responded to defendants' motion by filing her own motion to appoint counsel. (Dkt. No. 19.)  Plaintiff asserted that she discussed her case with several attorneys and the District's Pro Se Assistance Program.  Plaintiff cited her IFP status and asserted that she cannot retain an attorney, while her disability (again unspecified) makes representing herself difficult.  Defendants took no position on whether plaintiff should be appointed counsel.  (Dkt. No. 21.)

      On January 5, 2020, this case was transferred to newly appointed District Judge John L. Sinatra, Jr.  (Dkt. No. 18.)  On March 13, 2020, Judge Sinatra referred this case to this Court under 28 U.S.C. § 636(b).  (Dkt. No. 22.)  The Court now deems the motions submitted on papers under Rule 78(b).

      In an abundance of caution, to rule out the possibility that a disability is in fact impeding plaintiff's ability to file a sufficient pleading, the Court will construe defendants' motion entirely from the vantage point of the alternative request for relief.  *See Baptista v. Hartford Bd. of Educ.*, 427 F. App'x 39, 43 (2d Cir. 2011) (summary order) ("A district court may treat a motion to dismiss as a motion for a more definite statement.") (citations omitted).  "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before

3

filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."). Rule 12(e) is not a substitute for discovery procedures that will uncover the factual basis of claims in the pleadings. *See Zuppe v. Elite Recovery Servs., Inc.*, No. 3:05CV857 (JBA), 2006 WL 47688, at *1 (D. Conn. Jan. 5, 2006) (citations omitted). Rule 12(e) also "should not be used simply to ascertain a plaintiff's legal theories." *Bryson v. Bank of New York*, 584 F. Supp. 1306, 1319 (S.D.N.Y. 1984) (citation omitted). Used properly, however, Rule 12(e) can help when a claim of an ADA violation "amounts to no more than a conclusory assertion that Defendant violated the ADA, and begs the questions: What actions? When? By whom? How was he punished? Rather than esoteric pleading requirements, these matters are fundamental to Plaintiff's providing notice of his cause of action so that Defendant may understand the basic contours of the allegations against it and prepare a defense." *Parrella v. Lawrence & Mem'l Hosp.*, No. 3:08-CV-1445PCD, 2009 WL 1279290, at *5 (D. Conn. May 5, 2009); *see also Gentlewolf v. Windham Cty. Humane Soc.*, No. 1:08-CV-261, 2009 WL 4067798, at *4 (D. Vt. Nov. 23, 2009) (Rule 12(e) motion granted where vague references to a defendant's role failed to give that defendant adequate notice).

  Here, relief under Rule 12(e) would be appropriate. There are hints in the record of a claim that, with enough detail, might survive a motion to dismiss. Plaintiff refers to herself as a qualified individual with a disability, a term of art suggesting some kind of medical or administrative substantiation. Defendants' motion papers include a copy of an additional EEOC complaint that hints at medical notes, attendance issues, suspensions, and what plaintiff's actual job title was—Storekeeper. (Dkt. No. 13-5 at 8.) Nonetheless, defendants are correct that plaintiff has not pled

4

what her disability is. Even though defendants likely have some knowledge of what the disability might be, they are entitled to confirm whether they would be defending against the same disability that allegedly was discussed during the events described in plaintiff's EEOC complaints. Defendants also are entitled to a breakdown of which defendants allegedly committed what conduct. For example, the amended complaint refers to "my employer" refusing to engage in mediation. The EEOC complaints refer to a singular "respondent." A breakdown would be important, possibly among other reasons, because "[i]t is well settled that individuals are not 'employers' for purposes of the ADA, and thus are not subject to liability in their personal capacities under the ADA." *Cusack v. Delphi Corp.*, 686 F. Supp. 2d 254, 257 (W.D.N.Y. 2010) (citations omitted). The Court thus will grant defendants' motion for a more definite statement and will require plaintiff to file either a statement that will supplement the amended complaint or a new complaint altogether.

Finally, the Court will address plaintiff's unopposed motion for appointment of counsel. Plaintiff already has had several opportunities to set forth her claims, but the Court is "[a]ware of the distinct disadvantage that *pro se* litigants face." *Amaker v. Goord*, No. 06-CV-490S, 2008 WL 5191667, at *1 (W.D.N.Y. Dec. 10, 2008). As mentioned above, the Court also cannot yet rule out the possibility that a disability is in fact interfering with plaintiff's understanding of what is required of her. With that possibility in mind, and considering plaintiff's IFP status and the criteria explained in *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986), the Court is satisfied that plaintiff is indigent in that an appointment of *pro bono* counsel will serve the interest of justice. An appointment here will help resolve whether plaintiff's allegations should at least survive into pretrial discovery. Accordingly, and pursuant to Local Civil Rule 83.8, the Court grants plaintiff's motion. The Court will make arrangements for assignment of *pro bono* counsel. The assignment will be limited to preparing either a more definite statement or a new complaint, in counsel's discretion; and to

responding to any additional Rule 12 motions that defendants might file before serving their answers. The more definite statement or new complaint will be filed within 60 days of the completion of the appointment procedure in Local Civil Rule 83.8(C).

## II.     CONCLUSION

For all of the foregoing reasons, the Court grants defendants' motion for a more definite statement (Dkt. No. 13). The Court also grants plaintiff's motion to appoint counsel (Dkt. No. 19).

SO ORDERED.

                                              __/s Hugh B. Scott_____
                                              Hon. Hugh B. Scott
                                              United States Magistrate Judge

DATED: May 13, 2020